IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA, )
)
)
Plaintiff, )
)
v. )    Civil Action No. _____
)
HOLLY CORPORATION )
)
Defendant. )
_____ )

CIV05-503-S-LMB

## CONSENT DECREE

### I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrators of the United States Environmental Protection Agency ("EPA") and the United States Department of Agriculture Forest Service ("FS"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Cinnabar Mining Site ("the Site").

B.  Holly Corporation ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "FS" shall mean the United States Department of Agriculture Forest Service.

Page 2

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and Settling Defendant.

k. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA, FS, or DOJ on behalf of EPA or FS has paid or incurred at or in connection with the Site through the date of entry of this Decree, plus accrued Interest on all such costs through such date.

l. "Plaintiff" shall mean the United States.

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n. "Settling Defendant" shall mean Holly Corporation.

o. "Site" shall mean the Cinnabar Mining Site, encompassing approximately 50 acres within the patented claims of the Cinnabar Mine. It is located about 15 miles east of Yellow Pine, Idaho, in Township 18 North, Range 10 East, Sections 6 and 7 of Valley County, Idaho. Its boundaries are precisely defined in the EPA publication "Removal Report for the Cinnabar Mine Removal Action, Yellow Pine, Idaho, September-October 1996."

p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. Within 30 days of receipt of the Court's electronic notification of entry of this Consent Decree, Settling Defendant shall pay $344,000 to the United States Environmental Protection Agency. The money shall be deposited in the Cinnabar Mining Site Special Account within the EPA Hazardous Substances Superfund to be retained and used to conduct or finance response actions at or in connection with the Cinnabar Mining Site, or if not needed for response actions at the Cinnabar Mining Site, to be transferred by EPA to the EPA Hazardous Substances Superfund.

5. At the time that the payment is made, Settling Defendant shall send notice that payment has been made to EPA and DOJ, in accordance with Section XII (Notices and Submissions). Such notice shall reference the Site name, the Cinnabar Mining Site ID number (101T), DOJ case number 90-11-3-07536, and the civil action number.

6. Within 30 days of receipt of the Court's electronic notification of entry of this Consent Decree, Settling Defendant shall pay $106,000 to the United States Forest Service.

7. At the time that the payment is made, Settling Defendant shall send notice that payment has been made to FS and DOJ, in accordance with Section XII (Notices and Submissions). Such notice shall reference the Site name, DOJ case number 90-11-3-07536, and the civil action number.

8. Payments under Paragraphs 4 and 6 shall be made separately by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Idaho following lodging of the Consent Decree.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

9. <u>Interest on Late Payments</u>. If Settling Defendant fails to make any payment under Paragraphs 4 or 6 (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

10. <u>Stipulated Penalty</u>.

a. If any amounts due to EPA or FS under Paragraphs 4 or 6 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to that agency, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $500.00 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA or FS. All payments to EPA or FS under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number 101T, DOJ Case Number 90-11-3-07536, and the civil action number. Settling Defendant shall send the check (and any accompanying letter) to:

    Mellon Bank
    EPA Region 10 Superfund
    P.O. Box 371099M

Page 4

Pittsburgh, PA 15251

  c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA or FS and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 101T, DOJ Case Number 90-11-3-07536, and the civil action number.

  d. Penalties shall accrue as provided above regardless of whether EPA or FS has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after performance is due, or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Agreement.

  11. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time, if the United States prevails in such action.

  12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

  13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY UNITED STATES

  14. Covenant Not to Sue by United States. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States releases and covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by Plaintiff of all payments required by Section V, Paragraphs 4 and 6, and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

  15. The United States reserves, and this Consent Decree is without prejudice to, all

Page 5

rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Section VII. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

    c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

    d. criminal liability; and

    e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

16. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Idaho, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

    c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on

having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

19. The waiver in the preceding Paragraph shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person meeting the criteria in Paragraph 20 if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the criteria in Paragraph 20 if EPA or FS determines:

a. that such person has failed to comply with any EPA or FS requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b. that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

20. Except as provided in Paragraph 20, nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 20, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

21. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

22. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA, FS, and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this

Consent Decree, it will notify EPA, FS, and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA, FS, and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

23.   In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs (other than Past Response Costs), or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

24.   Until five years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

25.   After the conclusion of the five-year document retention period in the preceding Paragraph, Settling Defendant shall notify EPA, FS, and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA, FS, or DOJ, Settling Defendant shall deliver any such records to EPA or FS. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.

26.   Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States regarding the Site, and that it has fully complied with any and all EPA and FS requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII. NOTICES AND SUBMISSIONS

27.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, FS, DOJ, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-07536)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Stephanie Mairs
Assistant Regional Counsel
USEPA Region 10
1200 Sixth Avenue, ORC-158
Seattle, WA 98101

and

Jeffry Rodin
On-Scene Coordinator
USEPA Region 10, ECL-116
1200 Sixth Avenue, ORC-158
Seattle, WA 98101

As to FS:

Gary Fremerman
USDA OGC
3351 South Building
1400 Independence Avenue SW
Washington, DC 20250-1412

and

Pat Trainor
USDA Forest Service
500 East Whitely
P.O. Box 567
Council, ID 83012

As to Settling Defendant:

General Counsel
Holly Corporation
100 Crescent Court, Suite 1600
Dallas, Texas 75201

and

Theodore L. Garrett, Esquire
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

## XIII. RETENTION OF JURISDICTION

28. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION

29. This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

31. If for any reason this Court should decline to approve this Consent Decree in the

form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI. SIGNATORIES/SERVICE

32. The undersigned representative of Settling Defendant to this Consent Decree and the Section Chief of the United States Department of Justice each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

33. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

34. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. FINAL JUDGMENT

35. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 12th DAY OF September 20 06.

_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Holly Corp., relating to the Cinnabar Mining Site.

FOR THE UNITED STATES OF AMERICA:

Date: 12/1/05

*(signature)*
Catherine R. McCabe
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

*(signature)*
Kathryn C. Macdonald
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611

Page 12

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Holly Corp., relating to the Cinnabar Mining Site.

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 11/29/05

Daniel D. Opalski
Director, Office of Environmental Cleanup
USEPA Region 10

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Holly Corp., relating to the Cinnabar Mining Site.

FOR THE UNITED STATES FOREST SERVICE:

Date: 11/30/05

_____
Jack G. Troyer
Regional Forester, Region 4
Forest Service
United States Department of Agriculture

Page 14

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Holly Corporation, relating to the Cinnabar Mining Site.

FOR SETTLING DEFENDANT:

Date: Dec. 5, 2005

Name: W. John Glancy

Title: Senior Vice President and General Counsel

Company: Holly Corporation


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      Theodore L. Garrett

Title:     Attorney for Holly Corporation

Address:   Covington & Burling
           1201 Pennsylvania Avenue, N.W.
           Washington, D.C. 20004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2005, I caused to be served a true and correct copy of the following, **CONSENT DECREE**, in US v. HOLLY CORPORATION, upon the party listed below by means of the method(s) indicated:

**Attorney for Defendant Holly Corporation**

*Theodore L. Garrett, Esq.       [ ] U.S. Mail Postage Prepaid
Covington & Burling       [X] Hand Delivered
1201 Pennsylvania Avenue, N.W.       [ ] Overnight Mail
Washington, D.C. 20004       [ ] Facsimile

*Kathryn C. Macdonald*
Kathryn C. Macdonald

CERTIFICATE OF SERVICE - PAGE 1